**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                :

                                :     Case No.:  10-CV-**3036**(___)

INDUSTRIAL RISK INSURERS,          :

                    Petitioner,   :     **10 CIV 3036**

    -against-                 :

7 WORLD TRADE CENTER, L.P.,   :

                    Respondent. :

                                :

                                :

-------------------------------------------------------------x

RECEIVED APR 0 6 2010 U.S.D.C. S.D. N.Y. CASHIERS

## NOTICE OF PETITION TO STAY ARBITRATION

PLEASE TAKE NOTICE that upon the annexed Petition, the accompanying

Declaration of Thomas J. Welling, Esq. (and exhibits thereto), and the accompanying

Memorandum of Law, petitioner Industrial Risk Insurers ("IRI"), will move this Court before an

Honorable Judge, in a to be determined Courtroom of the United State Courthouse, 500 Pearl

Street, New York, New York, on a date and at a time to be set by the Clerk of the Court, for an

Order: (1) pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.,* and

Section 7503 of the New York Civil Practice Law and Rules, staying arbitration proceedings

initiated by Respondent, 7 World Trade Center, L.P. ("7 WTC"), because the arbitration is

premature and otherwise improper and impermissible; (2) or in the alternative, staying the

arbitration and directing the parties to mutually agree to appropriate arbitration administration

procedures; (3) or in the alternative, compelling arbitration pursuant to procedures established by

the Court; and (4) granting such other and further relief as the Court may determine is just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 6.1(b), any opposing affidavits or answering memoranda shall be served within fourteen days after service of the moving papers and any reply affidavits or memoranda of law shall be served within seven days after service of the answering papers.

Dated: April 8, 2010

SIMPSON THACHER & BARTLETT LLP

By: _____

Barry Ostrager
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: bostrager@stblaw.com

Mary Kay Vyskocil
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: mvyskocil@stblaw.com

*Attorneys for Petitioner Industrial Risk Insurers*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                            :
                            :
                            :   Case No.:  10-CV-_____  (____)
                            :
INDUSTRIAL RISK INSURERS,        :
                            :
               Petitioner,    :
                            :
     -against-                  :
                            :
7 WORLD TRADE CENTER, L.P.,      :
                            :
               Respondent.   :
                            :
                            :
                            :
                            :
-------------------------------------------------------------x

**PETITION FOR AN ORDER STAYING ARBITRATION PROCEEDINGS BROUGHT
PREMATURELY BY RESPONDENT, OR, IN THE ALTERNATIVE, FOR AN ORDER
STAYING ARBITRATION AT LEAST UNTIL THE PARTIES MUTUALLY AGREE
TO APPROPRIATE ABRITRATION PROCEDURES**

Petitioner Industrial Risk Insurers ("IRI"), by its attorneys, Simpson Thacher &

Bartlett LLP, as and for its Petition for an Order staying improper arbitration proceedings

initiated prematurely by Respondent, 7 World Trade Center, L.P. ("7 WTC"), respectfully state

and allege as follows:

## NATURE OF PROCEEDINGS

1.     This proceeding is brought pursuant to the Federal Arbitration Act (the "FAA"),

9 U.S.C. §§ 1 *et seq.,* and Article 75 of the CPLR to seek a stay of arbitration sought by

Respondent.  By serving a Demand for Arbitration and Notice of Intention to Arbitrate

(collectively, "Arbitration Demand") upon IRI, Respondent seeks damages for an alleged breach

of contract by IRI that cannot possibly have occurred yet and which there is no indication will

ever occur. *See* Ex. A[1] ("Demand for Arbitration") and Ex. B ("Notice of Intention to Arbitrate"). Further, Respondent seeks a declaration of rights that cannot be properly adjudicated, much less enforced at this time. Accordingly, 7 WTC's Arbitration Demand is wholly premature and must be stayed. In all events, even if Respondent's Arbitration Demand is ripe for adjudication, Court intervention is necessitated by Respondent's unilateral selection of an arbitration administrator and arbitration rules (the "Arbitration Administrator")[2] in blatant violation of the terms of the arbitration clause agreed to by the parties. Absent a stay, 7 WTC's improper and unilateral actions will cause irreparable prejudice to IRI.

    2.     Stripped of its pretense, 7 WTC's initiation of arbitration proceedings is manifestly for the purpose of deciding a potential and theoretic insurance coverage dispute allegedly arising out of proceeds IRI, and other similarly situated plaintiffs, are seeking to obtain from certain defendants (the "Aviation Defendants") in an action arising out of the September 11 terrorist attack, *In re September 11 Litigation*, 21 MC 101 (AKH) ("Subrogation Action").[3]

    3.     After years of protracted litigation before this Court, on February 23, 2010, IRI and certain other subrogation plaintiffs entered into a proposed settlement agreement with the Aviation Defendants (the "Subrogation Settlement"). This Agreement has been submitted to and is currently pending before this Court. To be clear, 7 WTC's alleged coverage dispute, asserted in its Arbitration Demand, is wholly separate and apart from the Settlement Approval Process

---

[1]    All references to "Ex. __" herein refer to the contemporaneously filed Declaration of Thomas J. Welling, dated April 8, 2010 ("Welling Decl.").

[2]    7 WTC's unilateral selection of an Arbitration Administrator would set all the rules and procedures that IRI must abide by during the course of the arbitration, including but not limited to the arbitration body that will oversee the proceeding, the number and identity of the arbitrators, the scope of discovery, and the rules governing the hearing.

[3]    *In re September 11 Litigation*, 21 MC 101 (AKH) addresses claims brought by property owners whose property was damaged as a result of the September 11 attack.

currently pending before this Court. The rights sought in the Arbitration Demand relate to, and can only be enforced in relation to what IRI does if and when it receives funds, *i.e.* if and when the Subrogation Settlement is approved. Accordingly, by its very terms, Respondent's Arbitration Demand is premature at best.

4.      The Arbitration Demand seeks, *inter alia,* a declaration of rights concerning how IRI allocates proceeds it may or may not receive from the Aviation Defendants amongst the claims it paid on behalf of its various underlying insureds – including 7 WTC and non-7 WTC insureds. The Subrogation Settlement, however, does not address coverage dispute issues regarding allocations. The Subrogation Settlement merely determines how much money IRI might receive. The Subrogation Settlement has not been approved. If and when, the Subrogation Settlement is approved and IRI actually receives monies from the Aviation Defendants, then and only then will IRI know the actual amount of funds available for allocation. Only when the actual amount is known, including expenses, will IRI be able to definitively allocate any such monies amongst the claims it paid on behalf of its various underlying insureds. Once a definitive amount has been allocated to 7 WTC claims, including applicable expenses, then and only then can it be definitively determined how much money 7 WTC is entitled to receive, which will be dictated by the express terms of 7 WTC and IRI's 2005 Settlement Agreement ("7WTC/IRI Settlement Agreement").[4]  Indeed, as IRI has advised 7 WTC, recovered subrogation proceeds will be allocated in proportion, taking into account applicable expenses, to final claims payments made to various insureds. Until IRI receives money from the

---

[4]      Pursuant to paragraph 13 of the 7 WTC/IRI Settlement Agreement, 7 WTC and IRI agreed to maintain the confidentiality of this Agreement. Accordingly, a copy of the 7 WTC/IRI Settlement Agreement is not attached to this Petition. IRI reserves all rights.

4

Subrogation Settlement, and until IRI is in a position to makes final allocation decisions, Respondent's respective rights with regard to these payments are simply not ripe.

5.      Further, even if the Subrogation Settlement is approved, the Arbitration Demand must still be stayed.  The allegations and claims for relief contained in the Arbitration Demand are inextricably linked to those set forth in Respondent's[5] contemporaneously filed complaint for declaratory relief against IRI and other similarly situated insurers filed in this Court, *World Trade Center Properties LLC, et al. v. Great Lakes Reinsurance (UK) PLC, et al.*, No. 10 CV 1642 (AKH) (S.D.N.Y. filed March 1, 2010) ("Declaratory Judgment Action").  Both actions seek clarification of certain alleged allocation rights.  A decision in either the arbitration action or the Declaratory Judgment action will inevitably affect the rights and obligations of the parties in both actions.  Further, in both actions, Respondent seeks the same information in an apparent hope that an Arbitration Administrator unilaterally selected by 7 WTC will order disclosure of information that this Court may not agree Respondent is entitled to.  This thinly veiled attempt to circumvent this Court's jurisdiction must not be permitted.  A stay of the Arbitration Demand, at least until final resolution of the Declaratory Judgment Action has been reached, would ensure, *inter alia*, that this Court retains jurisdiction of matters before it, that inconsistent results are avoided and that valuable judicial resources are not wasted.  This Court has the power to order such a stay, pursuant to this Court's absolute power to control its own docket, protect its own judgments and prevent duplicative litigation.

---

[5]      While 7 WTC is not a party to the Declaratory Action, upon information and belief, 7 WTC is a subsidiary or affiliate of, or is associated, owned or controlled by Silverstein Properties, Inc.  World Trade Center Properties, LLC, 1 World Trade Center LLC, 2 World Trade Center LLC and 4 World Trade Center LLC (collectively, "WTCP") filed the declaratory action.  Upon information and belief, WTCP are subsidiaries or affiliates of, or are associated, owned or controlled by Silverstein Properties, Inc.

6.      Even assuming 7 WTC's Arbitration Demand becomes ripe for adjudication, IRI must respectfully seek this Court's intervention to ensure that IRI does not suffer irreparable harm as a result of Respondent's unilateral attempt to impose an Arbitration Administrator without consulting IRI, which is in direct violation of the terms and conditions of the parties' agreement to arbitrate.

7.      Respondent asserts the 7WTC/IRI Settlement Agreement as a basis for its Arbitration Demand.  Specifically, 7 WTC relies upon the following clause: "in the event there is a dispute arising out of the terms and conditions of this Agreement, such dispute shall be resolved through binding arbitration and not litigation." *See* Ex. A (the "Arbitration Clause").

8.      There is no reading of the Arbitration Clause by which Respondent's unilateral selection of an Arbitration Administrator is in compliance with the Arbitration Clause.

9.      The Arbitration Clause does not expressly set forth the procedures by which the arbitration panel is to be selected nor how the rules governing the arbitration are to be determined.  Given that this clause is silent as to specifics, the clear intent of the Arbitration Clause was for the parties to mutually agree to these terms should either party decide to demand arbitration.  It is an age-old axiom of arbitration law, that arbitration requires mutual consent.  There is absolutely no reading of the Arbitration Clause by which it can be inferred that either party consented to arbitration pursuant to whatever arbitration procedures the other party unilaterally chooses.  The prejudice inflicted upon IRI by permitting 7 WTC to unilaterally select the Arbitration Administrator is manifest.

10.     Accordingly, Petitioner respectfully requests that this Court enter an Order staying the arbitration proceedings initiated by Respondent against Petitioner, at least until if and when IRI has received funds from the Aviation Defendants and the concurrent Declaratory

Action is resolved.  In the alternative, Petitioner respectfully requests that this Court enter an Order staying the arbitration and directing the parties to mutually agree to an appropriate Arbitration Administrator.  IRI respectfully requests that this Court retain jurisdiction over this matter in order that the Court can, failing mutual agreement, enter an Order directing the parties to arbitrate their dispute before a panel chosen by this Court and under rules to be established by the selected arbitration panel.

## THE PARTIES

11.     Petitioner IRI is an association with its principal place of business in Connecticut. IRI issued insurance Policy No. 31-3-67626 (the "Policy") to Respondent providing property insurance for the building formerly known as 7 World Trade Center in New York, New York (the "7WTC Building").  The Policy provided coverage for the period from June 1, 2001 to June 1, 2002.

12.     Upon information and belief, respondent 7 WTC is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.  Upon information and belief, 7 WTC is a subsidiary or affiliate of, or is associated, owned or controlled by Silverstein Properties, Inc.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this proceeding pursuant to Section 408(b)(3) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, which provides that: "The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."

14.     This proceeding is brought pursuant to the FAA, 9 U.S.C. §§ 1 *et seq.,* and pursuant to Article 75 of the CPLR, to stay arbitration of the claims for breach of contract and declaratory relief that is being sought by Respondent in the Arbitration Demand, dated March 19, 2010, in the arbitration commenced by Respondent against IRI.  The alleged arbitration provisions at issue and upon which 7 WTC relies as a basis to assert its claims for breach of contract and declaratory relief evidence a transaction involving "commerce" as such term is defined in 9 U.S.C. § 1.

15.     Personal jurisdiction over Respondent is proper because 7 WTC's principal place of business is in New York, New York and it conducts business in this District.

16.     Venue is proper in this District pursuant to 49 U.S.C. § 40101 (quoted above) because Section 408(b)(3) vests this Court with exclusive jurisdiction.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

A.     In re September 11 Litigation

17.     Since the tragic attack of September 11, 2001, numerous parties have brought multiple actions seeking to vindicate their respective rights and obligations arising out of the September 11 terrorist attack.  Many of these actions have since been consolidated for resolution pursuant to the supervision of the Honorable Alvin K. Hellerstein in the Southern District of New York (the "September 11 Consolidated Cases").[6]

---

[6]     The September 11 cases have been consolidated under the following master docket numbers:

  i.  In re September 11 Litigation, 21 MC 97 (AKH) Claims brought by
      passengers and ground victims of the September 11 attack.

18.    In 2004, IRI and other subrogation plaintiffs initiated a lawsuit against the Aviation Defendants in this Court asserting claims for payments made by IRI to its various insureds for losses arising from the September 11 attack under several insurance policies. *Industrial Risk Insurers v. AMR Corp.*, No. 04 CV 7231 (AKH) (S.D.N.Y. filed Sept. 10, 2004), *consolidated into In re September 11 Litigation*, No. 21 MC 101 (AKH).

19.    On February 23, 2010, IRI and certain other subrogation plaintiffs entered into the proposed Subrogation Settlement agreement with the Aviation Defendants and submitted the agreement to this Court for its approval on February 25, 2010.  Approval of the Subrogation Settlement is currently pending before this Court.

20.    The Subrogation Settlement in relevant part provides for an aggregate settlement amount to be paid by the Aviation Defendants to the various subrogation plaintiffs.  The Agreement dictates the percentage amounts of the total aggregate settlement to be paid to the individual subrogation plaintiffs.  The Agreement does not allocate the amounts received by the subrogation plaintiffs to individual claims payments made by the individual subrogation plaintiffs amongst claims by its various insureds, including 7 WTC.

---

ii.   In re September 11 Litigation, 21 MC 101 (AKH) Claims brought by property owners whose property was damaged as a result of the September 11 attack.

iii.  In re World Trade Center Disaster Site Litigation, 21 MC 100 (AKH) Claims brought by those who came to the World Trade Center disaster site to assist with the debris removal effort following the September 11 attack.

iv.   In re World Trade Center Disaster Site Litigation, 21 MC 102 (AKH) Claims brought by those who assisted with the debris removal effort at sites other than the WTC site following the September 11 attack.

Chambers Rules for September 11 Consolidated Cases, *available at* http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=193.

21.     On March 1, 2010, World Trade Center Properties, LLC, 1 World Trade Center LLC, 2 World Trade Center LLC and 4 World Trade Center LLC (collectively, "WTCP")[7] filed a declaratory judgment action against IRI and other settling subrogation insurers, *World Trade Center Properties LLC, et al. v. Great Lakes Reinsurance (UK) PLC, et al.*, No. 10 CV 1642 (AKH) (S.D.N.Y. filed March 1, 2010).  In that action, WTCP seeks a declaration, *inter alia,* that it is entitled to the appropriate share of settlement recoveries obtained by Defendant IRI from the Aviation Defendants in the tort litigation in its alleged capacity as a subrogee of the WTCP plaintiffs.[8]

B.     IRI and 7 WTC Settlement Agreement

22.     IRI issued insurance Policy No. 31-3-67626 to Respondent providing property insurance for the 7WTC Building.  The Policy provided coverage for the period from June 1, 2001 to June 1, 2002.  On or about September 11, 2001, the 7WTC Building was destroyed.  7 WTC subsequently submitted claims to IRI under the Policy for losses relating to the destruction of the 7WTC Building.

23.     A dispute arose between 7 WTC and IRI regarding the application of the Policy to losses associated with the 7WTC Building's destruction.  In addition, a dispute arose regarding the measurement of losses associated with the destruction of the 7WTC Building.

24.     On January 3, 2005, Silverstein Properties, Inc., including but not limited to 7 World Trade Company, L.P., entered into the 7WTC/IRI Settlement Agreement.  The 7WTC/IRI Settlement Agreement provided for an aggregate payment by IRI to 7 WTC for a complete and

---

[7]     *See* footnote 5.

[8]     IRI will answer the Declaratory Judgment Complaint in due course, and does not waive any rights with regard to its ability to respond, object, answer or otherwise move against the complaint in the Declaratory Judgment Action.

final settlement of all claims by 7 WTC associated with the Policy and arising from the destruction of the 7WTC Building.  Further, it provides that certain future recoveries made by either party for losses associated with the 7WTC Building would be allocated between IRI and 7 WTC.  *See* Ex. A.

C.      Respondent's Arbitration Demand

25.     On or about March 19, 2010, 7 WTC filed its Arbitration Demand, unilaterally selecting the Arbitration Administrator.  7 WTC asserted the following language from the 7 WTC/IRI Settlement Agreement as a basis for its Demand: "in the event there is a dispute arising out of the terms and conditions of this Agreement, such dispute shall be resolved through binding arbitration and not litigation." *See* Exs. A & B.

26.     By letter dated March 29, 2010, IRI, through its counsel, objected, *inter alia,* to 7 WTC's unilateral appointment of an Arbitration Administrator and requested a meeting to discuss the relief 7 WTC seeks and establishment of mutually agreed upon arbitration procedures should the parties be unable to resolve any dispute.  In addition, IRI indicated its belief that Respondent's demands were premature.  *See* Ex. C ("March 29, 2010 Letter").

27.     On April 1, 2010, IRI's counsel met with counsel for 7 WTC to reiterate these concerns.  For example, IRI's counsel attempted to understand what information 7 WTC seeks. In response, IRI explained that some of the information sought does not exist, but did offer to ascertain what information is available.  Further, IRI confirmed that 7 WTC will share in the proceeds, less applicable expenses, of any subrogation recovery should this Court approve any settlement, pursuant to the terms and conditions of the 7WTC/IRI Settlement Agreement.

28.     At this meeting, IRI also sought to engage 7 WTC's counsel in a discussion regarding the need for arbitration, and should arbitration be needed, the arbitration procedures to be used.  IRI emphasized the requirement that the parties mutually agree to the arbitration

procedures, to which 7 WTC did not object. Accordingly, IRI suggested possible alternatives to the arbitration procedures chosen by 7 WTC. Respondent, however, refused to agree to any of the suggested alternatives counsel for IRI offered. Respondent's refusal to accommodate even the least objectionable of alternatives signaled 7 WTC's lack of good faith and refusal to negotiate. Respondent's unreasonable and untenable positions necessitated the filing of this motion.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court enter an Order: (i) staying the Arbitration, at least until if and when the Subrogation Settlement is approved, and the Declaratory Judgment Action is resolved; or (ii) in the alternative, staying the Arbitration pending mutual consent of the parties concerning the Arbitration Administrator; or (iii) in the alternative, compelling arbitration pursuant to procedures established by the Court; and (iv) granting such other and further relief as the Court may determine is just and proper.

Dated:  April 8, 2010

SIMPSON THACHER & BARTLETT LLP

By: _____

Barry Ostrager
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: bostrager@stblaw.com

Mary Kay Vyskocil
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: mvyskocil@stblaw.com

*Attorneys for Petitioner Industrial Risk Insurers*