UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                   :
                                                   :
                                                   :   Case No.:    10-CV-_____(____)
                                                   :
INDUSTRIAL RISK INSURERS,                          :
                                                   :
                              Petitioner,          :
                                                   :
            -against-                              :
                                                   :
7 WORLD TRADE CENTER, L.P.,                         :
                                                   :
                              Respondent.          :
                                                   :
                                                   :
------------------------------------------------------------x

## DECLARATION OF THOMAS J. WELLING IN SUPPORT OF INDUSTRIAL RISK INSURERS' PETITION FOR AN ORDER STAYING ARBITRATION

   1.     I am an attorney at Simpson Thacher & Bartlett LLP, counsel for

Petitioner, Industrial Risk Insurers ("IRI"), in the above-entitled case, and I make this declaration

in support of IRI's Petition for an Order staying improper arbitration proceedings initiated

prematurely by Respondent, 7 World Trade Center, L.P. ("7 WTC") filed April 8, 2010.

   2.     I am familiar with the matters set forth in this declaration based upon

personal knowledge and review of the firm's files on this matter.

   3.     Attached hereto as Exhibit A is a true and correct copy of 7 WTC's

Demand for Arbitration, dated March 19, 2010.

   4.     Attached hereto as Exhibit B is a true and correct copy of 7 WTC's Notice

of Intention to Arbitrate, dated March 19, 2010.

5.      Attached hereto as Exhibit C is a true and correct copy of the March 29, 2010 Letter from Barry Ostrager to Richard A. Williamson.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of April 2010, at New York, New York.


Thomas J. Welling

Exhibit A

JAMS ARBITRATION
NEW YORK, NEW YORK

-----------------------------------------------------------X
                                               :

7 WORLD TRADE COMPANY, L.P.,          :

                    Claimant,         :

                                :      **DEMAND FOR**

                 v.                :      **ARBITRATION**

                                :

INDUSTRIAL RISK INSURERS,        :

                    Respondent.    :

                                :
-----------------------------------------------------------X

        Claimant 7 World Trade Company, L.P. ("7 WTC"), the lessee of Seven World Trade

Center, by its attorneys, Flemming Zulack Williamson Zauderer LLP and Howrey LLP, alleges

upon personal knowledge as to itself and its own acts, and upon information and belief as to all

other matters, as follows:

## THE NATURE OF THE PROCEEDING

        1.     This arbitration proceeding is necessitated by an attempt by Industrial Risk

Insurers ("IRI"), 7 WTC's property insurer, to obtain court approval of a proposed settlement of

IRI's subrogation claims against the defendants (the "Aviation Defendants") in *Industrial Risk*

*Insurers v. AMR Corp.*, (SDNY Docket No. 04 CV 7231(AKH), consolidated into SDNY Master

Docket No. 21 MC 101 ("IRI's Subrogation Lawsuit")).

        2.     IRI's current attempt to obtain court approval of its proposed settlement with the

Aviation Defendants (the "Approval Motion") (discussed in paragraph 16, below) violates IRI's

obligations to 7 WTC under the confidential "Settlement Agreement And Release" that IRI and

7 WTC executed on January 3, 2005 (the "7 WTC/IRI Settlement Agreement"). IRI's breaches

of the 7 WTC/IRI Settlement Agreement arise, in part, from the fact that under this agreement,

7 WTC is entitled (a) to receive from IRI a certain specified percentage of any monies paid by the Aviation Defendants to settle IRI's Subrogation Lawsuit and (b) to pursue and to collect on 7 WTC's own independent claims in the 7 WTC Lawsuit (defined in paragraph 3(B), below) for its unreimbursed losses against the same Aviation Defendants. The relief sought in this arbitration is necessary to ensure that, among other things, (a) 7 WTC receives its proper share of IRI's settlement with the Aviation Defendants, and (b) 7 WTC's independent claims against the Aviation Defendants are not undermined or compromised.

      3.      More specifically, IRI's breaches of the 7 WTC/IRI Settlement Agreement are at least twofold:

      A.      <u>First</u>, in its Approval Motion, IRI intentionally conceals the specific amount payable by the Aviation Defendants (both individually and collectively) to IRI to settle IRI's Subrogation Lawsuit.

- IRI, instead, sets forth the aggregate amount to be paid by the Aviation Defendants to settle all of the settling plaintiffs' claims out of which a percentage will be paid to IRI to settle its multiple, independent, commingled, subrogation claims. However, only one of those IRI subrogation claims is premised upon IRI's insurance payments to 7 WTC and is subject to the right of 7 WTC to be paid its specified share as required under the 7 WTC/IRI Settlement Agreement.

- By concealing the specific amount to be paid by the Aviation Defendants to settle IRI's Subrogation Lawsuit, IRI has reserved for itself the unilateral ability to manipulate and thus to maximize the settlement amounts for claims in which IRI has no sharing obligation with its insureds and to minimize the

settlement amount allocable to 7 WTC (where IRI must pay a specified percentage of the settlement to 7 WTC). Doing so violates IRI's obligations to 7 WTC, including the implied covenant of good faith and fair dealing in the 7 WTC/IRI Settlement Agreement.

- Accordingly, 7 WTC is entitled to a monetary award that reflects the proper amount due 7 WTC under the 7 WTC/IRI Settlement Agreement, taking into account fair and equitable allocations among the various commingled claims and ensuring that IRI has not improperly allocated a disproportionate percentage of the settlement amount towards claims that are not subject to sharing arrangements.

- 7 WTC is also entitled to a declaration that the 7 WTC/IRI Settlement Agreement obligates IRI to disclose what portion of IRI's settlement with the Aviation Defendants in IRI's Subrogation Lawsuit relates to IRI's 7 WTC subrogation claims and what portions relate to each of IRI's other subrogation claims.

B.    Second, the Release promised by IRI to the Aviation Defendants in connection with the Approval Motion is improper because it releases all of IRI's subrogation claims, without any attempt to state specifically that IRI's releases are not intended to, and will not have any impact upon, 7 WTC's own lawsuit against the Aviation Defendants for its unreimbursed losses arising out of the destruction of Seven World Trade Center, *World Trade Center Properties LLC, et al. v. American Airlines, Inc., et al.*, 08 Civ. 3722 (AKH) (the "7 WTC Lawsuit").

3

- The proposed Release violates IRI's obligations owed to 7 WTC, including the implied covenant of good faith and fair dealing, by impairing and jeopardizing 7 WTC's ability to successfully prosecute its claims for its unreimbursed losses against the Aviation Defendants.

- Accordingly, 7 WTC seeks a declaration, pursuant to the 7 WTC/IRI Settlement Agreement and under the circumstances presented, that IRI may not settle IRI's Subrogation Lawsuit without 7 WTC's consent, and, accordingly, that the Release proposed to be given by IRI to the Aviation Defendants without 7 WTC's consent in IRI's Subrogation Lawsuit: (i) is invalid and without legal force or effect; (ii) does not release, prejudice or otherwise impact upon 7 WTC's claims in the 7 WTC Lawsuit; (iii) does not limit in any way 7 WTC's right to seek its unreimbursed losses; (iv) if 7 WTC were to consent to IRI's settlement of IRI's Subrogation Lawsuit, that settlement would apply only to IRI's agreed upon portion of IRI's subrogation claims in IRI's Subrogation Lawsuit; and (v) any such settlement would not apply to the portion belonging to 7 WTC or to 7 WTC's claims in the 7 WTC Lawsuit.

4.     In addition to the foregoing breaches of the 7 WTC/IRI Settlement Agreement, 7 WTC seeks further declaratory relief.  7 WTC seeks a declaration that, under the 7 WTC/IRI Settlement Agreement, the maximum amount that IRI is entitled to receive in the event of a 7 WTC recovery in the 7 WTC Lawsuit is limited by the amount of money that IRI will pay to 7 WTC out of the proceeds of IRI's settlement of IRI's Subrogation Lawsuit against the Aviation Defendants.

4

## ARBITRABILITY OF DISPUTE

5.      Arbitration of this matter is required by Paragraph 18 of the 7 WTC/IRI

Settlement Agreement, which states as follows:  "The Parties agree that, in the event there is a

dispute arising out of the terms and conditions of this Agreement, such dispute shall be resolved

through binding arbitration and not litigation."

6.      Pursuant to CPLR 7503(c), a Notice of Intention to Arbitrate at JAMS ADR, 620

Eighth Avenue, New York, NY 10018, under the JAMS Comprehensive Arbitration Rules, and a

copy of this Demand for Arbitration are being served upon IRI via Registered United States Mail

with Return Receipt Requested and by service upon the New York State Department of

Insurance in the manner provided by Section 1213(b)(2) of the New York State Insurance Law.

(In addition, a courtesy copy of this Demand for Arbitration is being sent to IRI's counsel in

IRI's Subrogation Lawsuit.)

## STATEMENT OF FACTS

7.      Claimant 7 WTC is a limited partnership organized and existing under the laws of

the State of Delaware, with its principal place of business in New York, New York.  On and

before September 11, 2001 and at all times relevant to this proceeding, 7 WTC was the lessee of

a 47 story office building at the World Trade Center named Seven World Trade Center.  Seven

World Trade Center (including the fee) was owned by The Port Authority of New York and New

Jersey (the "Port Authority").

8.      Respondent Industrial Risk Insurers is an unincorporated underwriting association

that maintains its principal place of business in Connecticut.  IRI is not authorized to do business

in New York.  On June 1, 2000, IRI issued, on behalf of its members, a property insurance policy

to 7 WTC bearing policy no. 31-3-67626 (the "IRI insurance policy").  The IRI insurance policy

provided insurance coverage to 7 WTC, covered Seven World Trade Center, and was in effect on September 11, 2001.

9.      7 WTC's business operations were based upon its long term lease of Seven World Trade Center.  Seven World Trade Center was destroyed on September 11, 2001 as a direct consequence of the terrorist-related aircraft crash of American Airlines Flight 11 into One World Trade Center.  7 WTC suffered damages to its leasehold interest in Seven World Trade Center, as well as to its business operations, and was otherwise damaged.

10.      7 WTC filed the 7 WTC Lawsuit against the airlines, an aircraft designer and manufacturer, an airport operator, and security companies that tortiously failed to prevent, and proximately caused and contributed to, the terrorist-related crash of Flight 11.  7 WTC seeks damages in the 7 WTC Lawsuit in an amount sufficient to make it whole, that is, to place 7 WTC in the position that it would have been in but for the Aviation Defendants' tortious conduct.

11.      7 WTC's damages include (a) compensation for the cost of rebuilding Seven World Trade Center to the satisfaction of the Port Authority, as required by 7 WTC's lease with the Port Authority; (b) compensation for 7 WTC's diminished future performance, including, without limitation, the consequences of a permanent reduction of approximately 400,000 buildable square feet that existed in Seven World Trade Center on September 11, 2001; (c) compensation for losses occasioned by the interruption of 7 WTC's business; (d) compensation for 7 WTC's cost of mitigating its damages (including the cost of (i) obtaining payment from 7 WTC's property insurer IRI, and (ii) restarting its business); and (e) compensation for the rent 7 WTC was required under the lease to pay the Port Authority, despite the destruction of Seven World Trade Center, from September 11, 2001 until Seven World Trade Center was rebuilt and re-rented.

12.     Disputes arose between 7 WTC and IRI with regard to the amount of 7 WTC's losses that were covered by the IRI insurance policy.  7 WTC settled these disputes with IRI as memorialized in the 7 WTC/IRI Settlement Agreement, pursuant to which IRI agreed to pay 7 WTC aggregate insurance payments of $819 million ("IRI's Aggregate Payment").

13.     Pursuant to the 7 WTC/IRI Settlement Agreement, both 7 WTC and IRI agreed to share certain future recoveries according to a formula set forth in the 7 WTC/IRI Settlement Agreement.  Among the covenants in the 7 WTC/IRI Settlement Agreement is an implied covenant by IRI of good faith and fair dealing.  This covenant requires that IRI do nothing to frustrate 7 WTC's ability (a) to receive the benefit of its bargain from the 7 WTC/IRI Settlement Agreement, (b) to recover 7 WTC's share of recoveries by IRI, and (c) to pursue in an unfettered manner recovery of its unreimbursed losses.

14.     IRI's Aggregate Payment was insufficient to make 7 WTC whole, that is, to place 7 WTC in the economic position that it would have been in had there been no terrorist-related crash of American Airlines Flight 11 on September 11, 2001.  7 WTC still has significant unreimbursed losses.

15.     In 2004, IRI commenced IRI's Subrogation Lawsuit against the Aviation Defendants.  IRI's Subrogation Lawsuit asserted subrogation claims based only on insurance payments to 7 WTC totaling $819 million.  The statutory pre-judgment interest on the claims asserted in IRI's Subrogation Lawsuit, accrued through February 28, 2010, amounts to approximately $446 million.  In 2004, IRI also commenced a subrogation lawsuit against the Aviation Defendants asserting commingled subrogation claims based on insurance payments to other insureds whose property was damaged on September 11, 2001 ("IRI's second subrogation lawsuit").

7

16.     On February 25, 2010, IRI and the Aviation Defendants submitted the Approval

Motion to the Court (21 MC 101, Docket Nos. 1080-1084, filed February 25, 2010) and moved

for orders approving the Settlement and Mutual Release of Claims, dated February 23, 2010 (the

"IRI/Aviation Defendants Settlement Agreement"), which includes the proposed settlement

agreement and proposed Release of IRI's claims against the Aviation Defendants in IRI's

Subrogation Lawsuit and in IRI's second subrogation lawsuit, substantially in the form of

Exhibit J to the IRI/Aviation Defendants Settlement Agreement. (A copy of the publicly filed

Motion to Approve will be supplied to the Arbitrator.)

17.     In the IRI/Aviation Defendants Settlement Agreement, IRI expressly represented

and warranted that it was fully authorized to enter into, execute and perform its obligations under

that Settlement Agreement. 7 WTC did not authorize IRI to compromise or settle the claims for

IRI's Aggregate Payment, plus not less than $446 million in pre-judgment interest, in which

7 WTC has a direct contractual interest, or any claims or rights belonging to 7 WTC that relate to

or arise out of the destruction of Seven World Trade Center on September 11, 2001, including

7 WTC's claims for its related unreimbursed losses. Under the circumstances present here, by

entering into the IRI/Aviation Defendants Settlement Agreement without: (a) consultation with

7 WTC, (b) disclosure to 7 WTC of the amount of the settlement allocated to IRI's payments to

7 WTC and the amount allocated to each of IRI's other commingled subrogation claims, and (c)

7 WTC's express consent, IRI breached IRI's obligations owed to 7 WTC, including the implied

covenant of good faith and fair dealing in the 7 WTC/IRI Settlement Agreement.

18.     IRI purports to have settled in the IRI/Aviation Defendants Settlement Agreement

multiple subrogation claims against the Aviation Defendants, one of which is IRI's subrogation

claim with respect to Seven World Trade Center. Because the settlement amount specified in the

IRI/Aviation Defendants Settlement Agreement is an aggregate amount for the settlement of claims for multiple plaintiffs from which one could then presumably calculate only an aggregate settlement amount for the multiple commingled IRI subrogation claims against the Aviation Defendants, 7 WTC cannot ascertain the amount for which IRI purports to have settled the subrogation claims as to 7 WTC (and, therefore, the amount due 7 WTC under the 7 WTC/IRI Settlement Agreement).  This concealment alone constitutes a violation of IRI's obligations owed to 7 WTC, including the implied covenant of good faith and fair dealing in the 7 WTC/IRI Settlement Agreement.

19.    By letter dated January 20, 2010, counsel for 7 WTC demanded that IRI provide 7 WTC with information and documents setting forth the portion and amount of the total settlement amount to be paid to IRI pursuant to the IRI/Aviation Defendants Settlement Agreement that relates to or is allocated to IRI's 7 WTC subrogation claim.  By that same letter, 7 WTC's counsel demanded that IRI provide 7 WTC with information and documents regarding the portions of any recovery by IRI from the Aviation Defendants that IRI intends to pay to 7 WTC in accordance with IRI's contractual obligations to 7 WTC under the 7WTC/IRI Settlement Agreement.  Since then, 7 WTC counsel has made several follow-up requests.  IRI has failed and refused to provide the requested documents and information to 7 WTC.  That failure and refusal alone constitute a further violation of IRI's obligations owed to 7 WTC, including the implied covenant of good faith and fair dealing in the 7 WTC/IRI Settlement Agreement.

## COUNT I
## FOR BREACH OF CONTRACT AND DAMAGES

20.    7 WTC repeats and realleges paragraphs 1-19 as if fully set forth herein.

21.     IRI breached the 7 WTC/IRI Settlement Agreement by attempting to settle IRI's Subrogation Lawsuit without consultation with 7 WTC, without full disclosure to 7 WTC of the amount of the settlement allocated to IRI's claims based on its payments to 7 WTC and to each of its other commingled subrogation claims and without 7 WTC's consent, which consent was required under the circumstances.  IRI has proposed settlement of multiple IRI subrogation claims that IRI commingled to conceal the specific settlement amount applicable to IRI's Subrogation Lawsuit as to 7 WTC and to allow IRI to manipulate the allocation of the settlement amounts to different claims.  Because IRI has refused to disclose the specific amount of the settlement payment for the Subrogation Lawsuit or any facts necessary for 7 WTC to ascertain whether IRI's allocation of a particular portion of the aggregate settlement amount to IRI's Subrogation Lawsuit was made in good faith in accordance with IRI's covenants to 7 WTC in the 7 WTC/IRI Settlement Agreement, IRI has materially breached the 7 WTC/IRI Settlement Agreement, including the implied covenant of good faith and fair dealing contained in that Agreement.

22.     As a consequence of its material breach, IRI is liable to 7 WTC for monetary damages in an amount not presently determinable, plus pre-judgment interest at the statutory rate of 9% per annum, costs, and attorneys' fees.

## COUNT II
## FOR DECLARATORY RELIEF

23.     7 WTC repeats and realleges paragraphs 1-22 as if fully set forth herein.

24.     Because the settlement amount specified in the IRI/Aviation Defendants Settlement Agreement for the settlement of IRI's subrogation claims is an aggregate amount for the settlement of multiple, commingled IRI subrogation claims against the Aviation Defendants, 7 WTC cannot ascertain the amount for which IRI purports to have settled the IRI Subrogation

Lawsuit (and, therefore, the amount due 7 WTC under the 7 WTC/IRI Settlement Agreement). This concealment alone constitutes a violation of IRI's obligations owed to 7 WTC, including the implied covenant of good faith and fair dealing, because IRI has an inherent and irreconcilable conflict of interest by virtue of the fact that it has multiple commingled subrogation claims and, upon information and belief, does not have to share recoveries from its aggregate settlement amount with every subrogee other than 7 WTC.

25.     Moreover, even if a specific settlement amount were allocated by IRI from the aggregate amount to IRI's subrogation claims as to 7 WTC, such an allocation, unsupported by full disclosure of all relevant facts from which 7 WTC can determine the fairness of such settlement amount allocated to 7 WTC (as opposed to IRI's other subrogation claims), violates IRI's obligations owed to 7 WTC, including the implied covenant of good faith and fair dealing. 7 WTC has not been consulted as to or apprised of such allocation, and no documentary basis has been set forth in the Motion to Approve to support any finding that IRI's allocation was made in good faith and in accordance with IRI's covenants under the 7 WTC/IRI Settlement Agreement.

26.     An actual controversy presently exists between 7 WTC and IRI as to whether, under the circumstances set forth above, IRI has breached the 7 WTC/IRI Settlement Agreement, including its implied covenant of good faith and fair dealing under the 7 WTC/IRI Settlement Agreement.  IRI entered into the IRI/Aviation Defendants Settlement Agreement without consultation with 7 WTC, without full disclosure to 7 WTC as detailed above and without 7 WTC's consent by settling multiple claims for an aggregate amount in a manner that arrogated unto itself the unilateral right to allocate a portion of the aggregate settlement amount to the settlement of IRI's Subrogation Lawsuit relating to the 7 WTC subrogation claims.

11

27.     In these circumstances, the Arbitrator should declare that IRI is required by the

7 WTC/IRI Settlement Agreement, including the implied covenant of good faith and fair dealing,

(a) to disclose the portion of IRI's settlement with the Aviation Defendants that relates to IRI's

7 WTC subrogation claims and to each of IRI's other commingled subrogation claims, and (b) to

provide documentation and information to support and substantiate the fairness of that allocation

as contrasted with IRI's allocations to each of its other subrogation claims.

## COUNT III
## FOR DECLARATORY RELIEF

28.     7 WTC repeats and realleges paragraphs 1-27 as if fully set forth herein.

29.     IRI has entered into the IRI/Aviation Defendants Settlement Agreement with the

Aviation Defendants without consultation with 7 WTC, without full disclosure to 7 WTC as

detailed above and without 7 WTC's consent which, under the circumstances present here and in

light of IRI's irreconcilable conflict of interest, constituted a material breach by IRI of the

7 WTC/IRI Settlement Agreement, including IRI's implied covenant of good faith and fair

dealing.

30.     Therefore, a declaration should issue that under the circumstances set forth above,

IRI may not settle IRI's Subrogation Lawsuit without 7 WTC's consent, and, accordingly, that

(i) any Release that may be given by IRI to the Aviation Defendants in IRI's Subrogation

Lawsuit without 7 WTC's consent is invalid and without legal force or effect, and (ii) any

Release that is proposed to be given by IRI to the Aviation Defendants in IRI's Subrogation

Lawsuit cannot and does not release, prejudice or otherwise impact upon 7 WTC's claims in the

7 WTC Lawsuit and does not limit in any way 7 WTC's right to seek its unreimbursed losses.

## COUNT IV
## FOR DECLARATORY RELIEF

31.     7 WTC repeats and realleges paragraphs 1-30 as if fully set forth herein

32.     Under the 7 WTC/IRI Settlement Agreement, if 7 WTC collects money for its unreimbursed losses through 7 WTC's Lawsuit against the Aviation Defendants, 7 WTC may be required to pay IRI an amount pursuant to the formula in paragraph 10 of the 7 WTC/IRI Settlement Agreement.  Application of this formula would require 7 WTC to pay IRI a stated percentage of 7 WTC's recovery *up to, but not greater than*, the amount that IRI pays 7 WTC from the settlement of IRI's Subrogation Lawsuit.  By settling the IRI Subrogation Lawsuit, IRI has waived its right to recover in subrogation more than the amount of its settlement. Accordingly, a declaration should issue, whether under the 7 WTC/IRI Settlement Agreement or as a matter of equity, that 7 WTC*'s obligation to pay IRI* from the proceeds of 7 WTC's lawsuit against the Aviation Defendants *can be no greater than* the *lesser* of (a) the amount that IRI pays 7 WTC from the settlement of IRI's Subrogation Lawsuit or (b) the stated percentage (provided in the 7 WTC/IRI Settlement Agreement) of any recovery by 7 WTC against the Aviation Defendants.

## REQUEST FOR RELIEF

WHEREFORE, 7 WTC demands that an award issue as follows:

A.     Declaring that IRI has materially breached the 7 WTC/IRI Settlement Agreement;

B.     On Count I, an award in 7 WTC's favor against IRI for monetary damages in an amount yet to be ascertained, plus pre-judgment interest at the statutory rate of 9% per annum, costs and attorneys' fees;

C.     On Count II, declaring that IRI is required (a) to disclose the portion of IRI's settlement with the Aviation Defendants that relates to IRI's 7 WTC subrogation

claims, and to each of IRI's other commingled subrogation claims and (b) to provide 7 WTC with documentation and information to support and substantiate the fairness of that allocation as contrasted with IRI's allocations to each of its other commingled subrogation claims;

D.      On Count III, declaring that under the circumstances of this case, IRI may not settle IRI's Subrogation Lawsuit without 7 WTC's consent, and, accordingly, that: (a) any Release that may be given by IRI to the Aviation Defendants in IRI's Subrogation Lawsuit without 7 WTC's consent is invalid and without legal force or effect; and (b) any Release that is proposed to be given by IRI to the Aviation Defendants in IRI's Subrogation Lawsuit cannot and does not release, prejudice or otherwise impact upon 7 WTC's claims in the 7 WTC Lawsuit, and does not limit in any way 7 WTC's right to seek its unreimbursed losses;

E.      On Count IV, declaring that pursuant to the 7 WTC/IRI Settlement Agreement, 7 WTC's obligation to pay IRI from the proceeds of 7 WTC's lawsuit against the Aviation Defendants can be no greater than the lesser of: (a) the amount that IRI pays 7 WTC from the settlement of IRI's Subrogation Lawsuit; or (b) the stated percentage (provided in the 7 WTC/IRI Settlement Agreement) of any recovery by 7 WTC against the Aviation Defendants; and

F.      Awarding to Claimant 7 WTC such other and further relief as the Arbitrator deems to be just and proper.

Dated: New York, New York
March 19, 2010

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

By:

Richard A. Williamson, Esq.
Jason T. Cohen, Esq.
One Liberty Plaza
New York, New York 10006-1404
(212) 412-9500

HOWREY LLP
David W. Steuber, Esq.
Tyrone R. Childress, Esq
Donald R. Erlandson, Esq.
550 South Hope Street, Suite 1100
Los Angeles, California  90071
Telephone:  (213) 892-1800
Facsimile:  (212) 892-2300

Attorneys for Claimant

**Rider:  Addresses of Respondent**

1)     Industrial Risk Insurers
       20 Security Drive
       Avon, CT 06001

2)     Industrial Risk Insurers
       c/o Swiss Reinsurance America Corporation
       5200 Metcalf, P.O. Box 2991
       Overland Park, KS 66201

Exhibit B

**JAMS ARBITRATION**
**NEW YORK, NEW YORK**

-----------------------------------------------------------------X
                            :

7 WORLD TRADE COMPANY, L.P.,         :

                Claimant,      :

                         :      **NOTICE OF INTENTION**

          v.             :      **TO ARBITRATE_____**

INDUSTRIAL RISK INSURERS,      :

                Respondent.   :

                            :
-----------------------------------------------------------------X

       PLEASE TAKE NOTICE that pursuant to N.Y. CPLR 7503(c) Claimant 7 World Trade

Company, L.P. ("7 WTC"), by its attorneys, Flemming Zulack Williamson Zauderer LLP and

Howrey LLP, intends to arbitrate disputes with Respondent Industrial Risk Insurers ("IRI") that

arise out of the terms and conditions of an agreement entered into by them on January 3, 2005

and denominated the "Settlement Agreement And Release" (the "7 WTC/IRI Settlement

Agreement").[1]

       Paragraph 18 of the 7 WTC/IRI Settlement Agreement provides that 7 WTC and IRI

"agree that, in the event there is a dispute arising out of the terms and conditions of this

Agreement, such dispute shall be resolved through binding arbitration and not litigation."

Because the 7 WTC/IRI Settlement Agreement does not specify an Arbitration Administrator,

Claimant 7 WTCo. designates JAMS ADR, 620 Eighth Avenue, New York, NY 10018, as the

Arbitration Administrator under JAMS Comprehensive Arbitration Rules.  The disputes to be

---

[1]  Pursuant to paragraph 13 of the 7 WTC/IRI Settlement Agreement, 7 WTC and IRI agreed to
maintain the confidentiality of this Agreement.  Accordingly, a copy of the 7 WTC/IRI
Settlement Agreement is not attached to this Notice of Intention to Arbitrate.  IRI already has a
copy and 7 WTC will provide a copy of the 7 WTC/IRI Settlement Agreement to the Arbitrator
at the commencement of the arbitration.

arbitrated are stated in detail in the attached "Demand For Arbitration," and incorporated by reference herein.

Pursuant to N.Y. CPLR 7503(c) unless, within twenty (20) days after service of this Notice of Intention To Arbitrate, Respondent IRI applies for a stay of arbitration, Respondent IRI will be precluded thereafter from (1) objecting to arbitration on the grounds that a valid arbitration agreement was not made or has not been complied with (including the designation of JAMS ADR New York and the JAMS Comprehensive Arbitration Rules as, respectively, the Arbitration Administrator and the applicable arbitration rules), and (2) from asserting in court the bar of limitation of time.

Dated:  New York, NY
March 19, 2010

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

By: _____
Richard A. Williamson, Esq.
Jason T. Cohen, Esq.
One Liberty Plaza
New York, New York 10006-1404
Telephone:  (212) 412-9500
Facsimile:  (212) 964-9200

HOWREY LLP
David W. Steuber, Esq.
Tyrone R. Childress, Esq.
Donald R. Erlandson, Esq.
550 South Hope Street, Suite 1100
Los Angeles, California  90071
Telephone:  (213) 892-1800
Facsimile:  (213) 892-2300

Attorneys for Claimant
7 World Trade Company, L.P.

2

**Rider:  Addresses of Respondent**

1)      Industrial Risk Insurers
        20 Security Drive
        Avon, CT 06001

2)      Industrial Risk Insurers
        c/o Swiss Reinsurance America Corporation
        5200 Metcalf, P.O. Box 2991
        Overland Park, KS 66201

Exhibit C

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

———
FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-2655

E-MAIL ADDRESS
BOSTRAGER@STBLAW.COM

<u>VIA U.S. MAIL</u>                                    March 29, 2010

Re:    In the Matter of Arbitration Between 7 World Trade
<u>Company, L.P. and Industrial Risk Insurers</u>

Richard A. Williamson, Esq.
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006-1404

Dear Richard:

I write to acknowledge receipt of 7 World Trade Company L.P.'s ("7WTC")
March 19, 2010 Notice of Intention to Arbitrate and Demand for Arbitration of disputes with
Industrial Risk Insurers ("IRI") arising from the January 3, 2005 Settlement Agreement and
Release between 7WTC and IRI ("Settlement Agreement").  Upon review, it is clear to me
that the issues you have raised are largely premature or easily addressed.  I am confident that
we can work together to allay your client's concerns and avoid further adversarial
proceedings.  To this end, I trust you would be willing to meet as soon as possible to discuss
a mutually agreeable resolution of this matter.

To the extent you insist on proceeding with your request for arbitration, we
object to your attempt to unilaterally select the arbitration administrator and process by
which the arbitration is to be conducted.  Arbitration requires mutual agreement of the
parties, which you did not seek.  You have no right to unilaterally impose your desired
arbitration proceedings upon IRI.  IRI will make its formal objections in due course and
does not intend to waive any rights herein.  However, it is my hope we can come to mutual
agreement at least as to the procedures for an arbitration proceeding, should such
proceedings become necessary.

We are generally available this week with the exception of Good Friday and
next week to discuss these matters.  Please contact me or my partner Mary Kay Vyskocil to
arrange for a mutually agreeable time to meet.  As stated, it is my sincere belief that if we

Richard A. Williamson, Esq.                -2-                    March 29, 2010

work together, most if not all of 7WTC's alleged concerns will be allayed.  We look forward
to hearing from, and hopefully meeting with, you soon.

Very truly yours,

Barry Ostrager

cc:     David W. Steuber, Esq.
        Mary Kay Vyskocil, Esq.